FILED

NOT FOR PUBLICATION

MAR 01 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ASHA PEREZ,

Plaintiff-Appellant,

v.

ALAMEDA COUNTY SHERIFFS'
OFFICE; et al.,

Defendants-Appellees.

No.    15-15005

D.C. No. 4:10-cv-04181-JSW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted December 16, 2016
San Francisco, California

Before:  HAWKINS, BERZON, and MURGUIA, Circuit Judges.

Asha Perez ("Perez") appeals the district court's grant of summary judgment

to the Alameda County Sheriff's Office ("ACSO") on her gender discrimination

claim.  We affirm.

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

As an ACSO Deputy Sheriff, Perez was subject to an internal investigation based on allegations that she had failed to submit citations, reports, and attachments, falsified patrol logs, and failed to process evidence and property properly. The investigation confirmed these charges and also led to the finding that Perez was dishonest with investigators. As a result, Perez received a temporary pay reduction that was upheld on administrative review. Perez subsequently brought eleven causes of action against ACSO and several supervisors who were in her chain of command at ACSO. A prior panel of this court upheld the district court's grant of summary judgment to ACSO, with the exception of Perez's gender discrimination claim which it remanded for further proceedings.

The Supreme Court's *McDonnell Douglas* burden-shifting test applies to discrimination claims on motion for summary judgment. *See Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113-14 (Cal. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Assuming Perez established a prima facie case of discrimination, we find ACSO articulated legitimate, nondiscriminatory reasons for the disciplinary action against Perez–namely, Perez's "fail[ure] to perform her duties . . . in a satisfactory manner." *See Trop v. Sony Pictures Entm't Inc.*, 129 Cal. App. 4th 1133, 1149 (2005).

Perez, however, then failed to carry her burden of proving that ACSO's cited reasons for the discipline were pretext for gender discrimination. *Guz*, 8 P.3d at 1114. Where, as here, a plaintiff relies on circumstantial evidence of discriminatory motive, such evidence must be "specific and substantial." *Goodwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998) (internal quotation marks omitted). Perez presented several types of circumstantial evidence of discriminatory motive, all of which fail to establish pretext.

1. The district court did not err in finding that Perez failed to offer evidence of gender discrimination against similarly situated employees sufficient to establish pretext, because neither of the two female ACSO employees whom Perez identifies–Deputy Divine and Pamela Landry–was accused of the same degree of misconduct as Perez, subjected to the same degree of disciplinary action as Perez, or disciplined by the same ACSO officials who disciplined Perez. *See Johnson v. United Cerebral Palsy*, 173 Cal. App. 4th 740, 767 (2009). Divine's and Landry's testimonies do not raise an inference of discriminatory intent, because they are not "sufficiently similar to the [situation] presented by [Perez] concerning her own [discipline]." *Id.*

2. ACSO's alleged violation of its complaint policy does not establish pretext, because Perez has not presented evidence of a clear "logical nexus between" ACSO's

decision to discipline her and its alleged failure to investigate and report discrimination complaints up the chain of command. *See Morgan v. Regents of Univ.*, 88 Cal. App. 4th 52, 77 (2000).

3.  The district court did not err in concluding that Perez failed to present evidence of disparate treatment of similarly situated male employees sufficient to establish pretext. There is no suggestion that the two male ACSO employees whom Perez identifies "engaged in the same [mis]conduct" as Perez. *Wills v. Superior Court*, 195 Cal. App. 4th 143, 172 (2011) (internal quotation marks and citation omitted). Moreover, ACSO's comparable disciplinary action against Sergeant Farruggia further undermines Perez's claim that similarly situated male employees received better treatment.

4.  Perez has not presented evidence that ACSO's criticism of her documentation practices was unfounded, and therefore her performance-based argument cannot establish that ACSO's reasons for the disciplinary action were pretextual. *See Horn v. Cushman & Wakefield W., Inc.*, 72 Cal. App. 4th 798, 807 (1999).

5.  The alleged "derogatory remarks" by ACSO employees Stephen Wolf and Dean Stavert are insufficient to establish discriminatory motive, because the

4

comments were unrelated to the disciplinary action against Perez. *See Harris v. City of Santa Monica*, 294 P.3d 49, 61, 66 (Cal. 2013).

In short, because Perez failed to establish an issue of material fact as to ACSO's reasons for disciplining her, the district court did not err in granting ACSO summary judgment on Perez's gender discrimination claim.

Furthermore, the district court did not abuse its discretion by refusing to permit additional discovery, as Perez apparently failed to comply with both Federal Rule of Civil Procedure 56(d) and the district court's instructions for requesting additional discovery. Nor did the district court err in refusing to remand Perez's gender discrimination claim to state court. Because the gender discrimination claim formed part of the same case or controversy as Perez's prior federal claims, and had been before the district court for four years, the district court's decision to continue to exercise jurisdiction over the discrimination claim was reasonable. *See Foster v. Wilson*, 504 F.3d 1046, 1051-52 (9th Cir. 2007) ("The decision whether to continue to exercise supplementary jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion.").

**AFFIRMED.**

*Perez v. Alameda County Sheriffs' Office*, 15-15005

BERZON, Circuit Judge, dissenting:

I respectfully dissent. I would hold that summary judgment should not have been granted. Perez presented sufficient evidence that the neutral reasons given to explain her discipline were pretextual to permit a jury to infer that she was disciplined, at least in part, because she is a woman.

First, as the majority disposition acknowledges, there was evidence that the Alameda County Sheriff's Office did not follow its established antidiscrimination policies in considering complaints of gender-based discriminatory treatment. Those lapses were attributable to the same supervisors involved in Perez's adverse employment decision, related to complaints of discrimination in the meting out of discipline, were repeated and so demonstrated a "consistent pattern of behavior" over a period of time, and were close in time to the investigation. *See Lam v. Univ. of Hawaiʻi*, 40 F.3d 1551, 1563 (9th Cir. 1994). Additionally, these failures to report complaints of discrimination according to policy were sometimes accompanied by gender-based comments discounting the complaints.[1] These

---

[1] Despite a long record of reports to supervisors about feeling as though she was being treated differently with respect to job standards and discipline, Perez's complaints were not reported up the chain of command. When Perez complained to higher-ups, her complaints were met with excuses and questions about whether she was being "overly sensitive" or "PMSing," and she was called a "whiner" behind her back.

When Perez and another female employee specifically contested the

(continued...)

factors suffice to provide *some* evidence of a discriminatory motive, and so help establish that the reasons enunciated were pretextual. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998); *Morgan v. Regents of Univ.*, 88 Cal. App. 4th 52, 77 (2000).

Second, the "me too" evidence provided by other women employees was also of sufficient significance to support a pretext finding. That the precise circumstances encountered by those women differed from those Perez endured does not negate the inference of discriminatory animus arising from their treatment. *Johnson v. United Cerebral Palsy*, 173 Cal. App. 4th 740, 767 (2009), relied upon by the majority to support its conclusion to the contrary, held that "[d]issimilarities between the facts related in the other employees' declarations and the facts asserted by plaintiff with regard to her own case go to the weight of the evidence, not its admissibility." On summary judgment, district judges are not fact-finders and should not be weighing the evidence.

Third, Perez presented evidence that she was disciplined in part—although not entirely—for conduct that men also engaged in but were not disciplined for. For example, there was evidence that two male employees were not disciplined but

---

[1](...continued)
imposition of formal discipline by bringing binders of evidence to higher-level supervisors, those supervisors refused to look at the evidence. Instead, the alleged disparate discipline continued.

instead instructed to locate their own "missing paperwork," and that even that level of supervisory attention arose only *after* Perez was disciplined for the same omission. That Sergeant Farruggia *was* punished does not negate a permissible inference from the failure to discipline men for similar infractions. Farruggia was a sergeant with responsibility to review reports and logs for accuracy and completeness, so his infractions could be considered more serious than Perez's.

Finally, the gender-based "derogatory comments" by male supervisors do support a finding of discriminatory motive. *Harris v. City of Santa Monica*, 294 P.3d 49, 61, 65 (Cal. 2013), held that stray remarks are not enough *on their own* to prove "that improper bias was in fact a motivating factor behind a particular employment decision." But the California Supreme Court made clear in *Reid v. Google, Inc.*, 235 P.3d 988 (Cal. 2010), that "when combined with other evidence of pretext, an otherwise stray remark may create an 'ensemble [that] *is* sufficient to defeat summary judgment.'" *Id*. at 1008 (quoting *Shager v. Upjohn Co.*, 913 F.2d 398, 403 (7th Cir. 1990)).

In sum, "a trial court must review and base its summary judgment determination on the totality of evidence in the record, including any relevant discriminatory remarks." *Reid*, 235 P.3d at 1008. The question is not, as the majority supposes, whether a single piece or type of evidence "create[s] only a weak issue of fact," *id.*, but rather whether *all* the direct and circumstantial

3

evidence of pretext, "*when taken together*, . . . constitute[s] sufficient evidence to demonstrate a triable issue of fact," even if each alone would be insufficient. *Johnson*, 173 Cal. App. 4th at 758.

Here, the evidence sufficiently supports an inference of discriminatory motive in the actions taken against Perez. Although each type of evidence, alone, may well be too weak to raise a question of material of fact, the various types of evidence discounted by the majority, together, are strong enough that the grant of summary judgment was improper.

I would reverse the grant of summary judgment and remand for trial.